IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THE WORTHING COMPANIES *as next friend* TWO BLOCKS, | : : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION NO. 1:10-CV-3533-TWT |
| PETER HUGGINS *and all other occupants*, | : : : : | |
| Defendants. | : | |

**O R D E R**

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the report and

recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. <u>United States v. Slay</u>, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

IT IS SO ORDERED this 1st day of November, 2010.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THE WORTHING COMPANIES *as next friend* TWO BLOCKS, | : : : | CIVIL ACTION NO. 1:10-CV-3533-TWT |
| Plaintiff, | : : | |
| v. | : : | |
| PETER HUGGINS *and all other occupants*, | : : : | |
| Defendants. | : : | **R E P O R T   A N D RECOMMENDATION** |

Defendant Peter Huggins, acting *pro se*, seeks leave to remove this civil action from the Magistrate Court of DeKalb County to this Court and seeks to do so *in forma pauperis,* without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a)(1).  The Court **GRANTS** Defendant's request to proceed *in forma pauperis* [1] solely for the limited purpose of determining whether this action has been properly removed to this Court.  Pursuant to 28 U.S.C. § 1446(c)(4), this Court must remand any action which has been improperly removed:

> The United States district court in which such notice [of removal] is filed shall examine the notice promptly.  If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

28 U.S.C. § 1446(c)(4).

Accordingly, the Court must examine Mr. Huggins's Notice of Removal [1] to determine whether this action has been properly removed to this Court. In order for removal to be proper, the petitioner must demonstrate that the action he seeks to remove is based on diversity jurisdiction, or that the action as pled by the plaintiff in state court contains one or more claims arising under the Constitution, treaties or laws of the United States. 28 U.S.C. §§ 1441(a), (b), 1331(a), 1332. "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Mr. Huggins has alleged in the Notice of Removal that this action is removed to this Court on the basis of federal question jurisdiction. Notice of Removal at ¶¶ 1, 3-5. Defendant has also alleged in the Civil Cover Sheet, attached to the Notice of Removal [1], that this action is removed to this Court on the basis of diversity jurisdiction. Under 28 U.S.C. § 1441(b), diversity is not a ground for removal if the petitioner is a citizen of the state in which the action is brought. Moreover, diversity jurisdiction requires that the civil action be between citizens of different states. 28 U.S.C. § 1332(a)(1). In this case, Mr. Huggins identifies both Plaintiff and

2

Defendants as citizens of Georgia. See Civil Cover Sheet. Diversity cannot, therefore, be the basis of subject matter jurisdiction for this action in this Court. Mr. Huggins has also failed to contend that the Plaintiff's state court dispossessory action raises any claim arising under the Constitution, treaties or laws of the United States. Instead of alleging that the Plaintiff's complaint raises a claim under federal law, Defendant is attempting to remove the state court action by asserting defenses or counterclaims which attempt to raise questions of federal law. See Notice of Removal at ¶¶ 3-5, 9.

The Supreme Court has held, however, that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the state court plaintiff's properly pleaded complaint. See Gully v. First National Bank, 299 U.S. 109, 112-13 (1936); see also Anderson v. Household Finance Corp., 900 F. Supp. 386, 388 (M.D. Ala. 1995). Because Mr. Huggins has failed to establish that Plaintiff's complaint filed in state court alleges a federal cause of action or has presented a federal question on its face, under the "well-pleaded complaint" rule, this action must be remanded pursuant to 28 U.S.C. § 1446(c)(4). See Federal Land Bank of Columbia v. Cotton, 410 F. Supp. 169, 170 n.1 (N.D. Ga. 1975)

("defendant's defense and counterclaim relating to truth-in-lending violations are clearly not sufficient to confer subject-matter jurisdiction upon this court for the entire action"). Therefore, Mr. Huggins has failed to establish that this Court has subject matter jurisdiction over the claims asserted by Plaintiff and this action must be remanded.

Accordingly, **IT IS RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of DeKalb County.

**IT IS SO ORDERED** this 1st day of November, 2010.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

4